NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN BANDA, | Hon. Dennis M. Cavanaugh |
| Petitioner, | |
| v. | **OPINION** |
| ANNE MILGRAM et al., | Civil Action No. 09-6310 (DMC) |
| Respondents. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon an amended petition by John Banda ("Petitioner"), for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the decision of this Court that Petitioner's time to submit his amended pleading is **granted**.

I. BACKGROUND

On December 14, 2009, Petitioner submitted his original § 2254 petition. See Docket Entry No. 1. On January 7, 2010, Petitioner submitted his filing fee of $5.00. See Docket Entry No. 2. On March 16, 2010, this Court dismissed the original petition without prejudice to Petitioner's filing an amended petition clarifying numerous ambiguities of Petitioner's original pleading. See Docket Entry No. 5. The Court's dismissal order ("March Order") detailed to Petitioner the ambiguous

aspects of Petitioner's original pleading, explained to Petitioner the applicable legal tests and provided Petitioner with Mason notice. See id. The Court directed the Clerk to serve Petitioner with a copy of its March Order by certified mail, return receipt requested. See id. The Clerk duly complied, and Petitioner was served accordingly. See Docket Entry No. 6 (verifying that Petitioner was served on or prior to March 22, 2010).

Instead of submitting an amended pleading, Petitioner elected to file a notice of appeal, and the Court of Appeals duly issued Petitioner an index number with regard to his currently pending appellate proceedings.[1] See Docket Entries Nos. 7 and 8. On April 5, 2010, Petitioner submitted what appears to be his appellate brief. See Docket Entry No. 9. That submission indicated Petitioner's continuous intent to proceed with his appeal rather than with the instant matter. However, just two weeks later, that is, on April 19, 2010, the Clerk received a document from Petitioner containing a one-page letter addressed, for the reasons not entirely clear to this Court, to the Court of Appeals but advising the Clerk of the Court of Appeals that the remainder of the document was Petitioner's "Amended Petition." See Docket Entry No. 12, at 1.

## II.   DISCUSSION

In light of the aforesaid discrepancy between the address on the letter and the title of the following document, it is not immediately clear to this Court whether Petitioner's latest submission

---

[1] Petitioner's notice of appeal was followed by an application to proceed on appeal in forma pauperis; that application arrived being printed in an unreadable fashion. See Docket Entry No. 10. One week later, Petitioner applied for appointment of pro bono counsel with regard to his appeal. See Docket Entry No. 11. Without making any substantive finding as to Petitioner's in forma pauperis application and application for appointment of pro bono counsel, the Court takes this opportunity to note that the concept of appointment of pro bono counsel is not applicable to habeas matters, although a paid counsel can be appointed by the court to financially eligible individuals whose applications are meeting proper requirements. See 18 U.S.C. § 3006A; Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991).

was intended to operate as an amended pleading submitted in this matter in response to the Court's March Order (an indication that Petitioner was withdrawing his appeal) or an amendment to Petitioner's appellate brief submitted in the appellate proceedings currently pending before the Court of Appeals. Although Petitioner executed his notice of appeal: (a) while this Court was expressly retaining its jurisdiction over the instant matter, and no final order was issued in this matter; and (b) without obtaining a certificate of appealability from this Court, the Court is mindful of the Court of Appeals' guidance that "the District Court lack[s] authority to issue an order with respect to [a matter where an amended pleading was submitted after or jointly with notice of appeal] while this appeal [is] pending." James v. Superior Court, 287 Fed. App'x 140, 141 n.1 (3d Cir. 2008) (citing Venen v. Sweet, 758 F.2d 117, 120-21 (3d Cir. 1985), for the proposition that "a district court is generally not permitted to take action in a case after the filing of a notice of appeal"). Therefore, out of an abundance of caution and without reaching the issue of the propriety of Petitioner's appeal, this Court extends Petitioner's time to file an amended petition in this matter. This Court, however, stresses Petitioner's obligation to comply with the legal requirements detailed in the Court's March Order, such as raising challenges to different state determinations in different petitions, making sure that Petitioner's challenges are timely and, in addition, duly exhausted in all three levels of the state court.

### III. CONCLUSION

For the reasons stated, Petitioner's time to file an amended pleading in this matter is **granted**. An appropriate Order accompanies this Opinion.

_____
Dennis M. Cavanaugh, U.S.D.J.

Date:     June ___, 2010  
Orig.:     Clerk  
cc:     All Counsel of Record  
         File