**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN BANDA, | **Hon. Claire C. Cecchi** |
| Petitioner, | Civil No. 09-6310 (CCC) |
| v. | |
| ANNE MILGRAM, *et al.*, | **O P I N I O N** |
| Respondents. | |

**APPEARANCES:**

    JOHN BANDA
    S.T.U. Annex
    P.O. Box 905
    Avenel, New Jersey  07001
    Petitioner pro se

    DAVID L. DACOSTA, Assistant Deputy Attorney General
    NEW JERSEY ATTORNEY GENERAL
    P.O. Box 112
    Trenton, New Jersey  08625
    Attorneys for Respondents

**CECCHI, District Judge**:

    John Banda filed an Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment filed in the Superior Court of New Jersey, Essex County, on July 20, 2004, which ordered his civil commitment under New Jersey's Sexually Violent Predator Act ("SVPA"), N.J. STAT. ANN. § 30:4-27.24 to 27.38.  After reviewing the Answer and Reply, on June 20, 2012, this Court dismissed the Amended Petition with prejudice and declined to issue a certificate of appealability.  Presently before this Court is Banda's motion for reconsideration.

For the reasons expressed below, this Court will grant the motion to reconsider the dismissal and, after reconsideration, dismiss the Amended Petition and deny a certificate of appealability.

## I. BACKGROUND

On January 22, 2004, approximately two weeks prior to Banda's scheduled release from prison on a New Jersey conviction and sentence imposed for tampering with a witness, the Attorney General of New Jersey filed a petition ("SVPA petition") for his civil commitment. The SVPA petition listed Banda's criminal convictions for kidnapping, aggravated assault, criminal restraint, terroristic threats, possession of a weapon for unlawful purposes. According to the SVPA petition, Banda had committed a sexually violent offense within the meaning of N.J. STAT. ANN. § 30:4-27.26(b), in that he had committed an "offense for which the court makes a specific finding on the record that, based on the circumstances of the case, the person's offense should be considered a sexually violent offense," id., he suffered from mental abnormalities and/or personality disorders consisting of sexual sadism, paraphilia NOS, fetishism (cutting hair of bound victims), polysubstance dependence, self-mutilation, pedophilia, and antisocial personality disorder NOS, and that, due to these conditions, he was a danger to society and likely to engage in acts of sexual violence if released. (Dkt. 30-3 at 7-26.)

After conducting a three-day evidentiary hearing on July 9, July 12, and July 20, 2004, by order filed July 20, 2004, Superior Court Judge Serena Perretti determined by clear and convincing evidence that John Banda was a sexually violent predator in need of involuntary civil commitment and committed Banda to the New Jersey Special Treatment Unit, a secure facility designed for the custody, care and treatment of sexually violent predators, and ordered a review hearing to be conducted on June 29, 2005. (Dkt. 30-3 at 31-32.) Banda appealed. On July 20,

2007, the Appellate Division of the New Jersey Superior Court affirmed. See <u>In re Civil Commitment of J.M.B</u>, 395 N.J. Super. 69 (App. Div. 2007), finding that Banda's eight convictions (based on guilty pleas) were sexually violent offenses under the catch-all provision of N.J. STAT. ANN. § 30:4-27.26(b), the statute was not unconstitutionally vague, the police and other reports concerning Banda's convictions were admissible, and the state's experts properly relied on earlier psychiatric reports. The New Jersey Supreme Court granted certification, and on February 23, 2009, affirmed. See <u>In re Commitment of J.M.B.</u>, 197 N.J. 563 (2009). On November 2, 2009, the United States Supreme Court denied certiorari. See <u>J.M.B. v. New Jersey</u>, 558 U.S. 999 (2009).

On December 14, 2009, the Clerk accepted Banda's original § 2254 Petition for filing. (Dkt. 1.) On June 12, 2010, Banda filed a the Amended Petition. (Dkt. 17.) The Amended Petition raised the following grounds:

> Ground One: NON-SEXUAL CRIMES TO BE CONSIDERED SEXUALLY VIOLENT AND/OR SEXUAL IN NATURE.
>
> Supporting Facts: State rel[ied] on inaccurate reports and records in forming their opinions; Petitioner challenges the Legality or Duration of His Confinement, for it is in violation of Due Process in Not having a Probable Cause Hearing, and/or in Not being found Not Guilty By Reason of Insanity in order to be Civilly Committed under the New Jersey's SVP Act.
>
> Ground Two: THE NEW JERSEY[] SVP ACT, IS AN UNCONSTITUTIONALLY AND/OR INHERENTLY VAGUE STATUTE.
>
> Supporting Facts: It is a Due Process violation to consider dismissed Sex Charges under the Catch-all phase of the Sexually Violent Predator Act.
>
> Ground Three: VIOLATION OF CONSTITUTIONAL GUARANTEES AGAINST DOUBLE JEOPARDY AND EX POST FACTO.
>
> Supporting Facts: Petitioner [was] Civilly Committed to an Constitutionally Invalid Sexually Violent Predator Act program, as it is applied to Him.

>Ground Four: NEWLY DISCOVERED EVIDENCE, PETITIONER CHALLENGES THE POTENTIAL POSSIBILITY OF "RUBBER STAMPING" TO DECEITFULLY HAVE HIM (UNDER FALSE PRETENSES) CIVILLY COMMITTED UNDER THE SEXUALLY VIOLENT PREDATOR ACT; PETITIONER CHALLENGES HIS CIVIL COMMITMENT AND THE LEGALITY OR DURATION OF HIS CONFINEMENT.
>
>Supporting Facts: Petitioner's Public Advocate Attorney gets caught on tape in saying "All, but 17-cases have been Rubber Stamped for Commitment because they have no rights."

(Dkt. 17 at 6.)

Respondents filed an Answer and Banda filed a Reply to the Answer.

On June 20, 2012, this Court dismissed the Amended Petition. (Dkt. 37.) In Ground One, Banda argued that New Jersey violated his rights by considering non-sexual crimes as sexual in nature. (Dkt. 17 at 6.) This Court found that Banda was not entitled to habeas relief on this claim because it did not raise a federal constitutional claim and, to the extent that it raised a due process claim, the claim lacked merit: "The failure to prove Banda's conviction of an offense enumerated in subsection (a) does not violate due process, since proof of criminal conviction of a sex crime is not a constitutional prerequisite for civil commitment, and the state courts found by clear and convincing evidence that Banda suffers from a mental condition which renders him dangerous beyond his control." (Dkt. 36 at 12.) In his factual support for Ground One, Banda argued that the state improperly relied on inaccurate reports and records (hearsay) to conclude that he was a sexually violent predator and that the state violated due process by not "having a Probable Cause Hearing, and/or in Not being found Not Guilty By Reason of Insanity." (Dkt. 17 at 6.) This Court construed Banda's challenge to the admission of inaccurate reports as a challenge to the admission of hearsay, which presented a state evidentiary claim not cognizable under § 2254 and, to the extent that Banda challenged the admission of

hearsay as a violation of due process, he was not entitled to habeas relief because Banda failed to show that, under clearly established Supreme Court precedent, the admission of inaccurate reports in a sexually violent predator commitment hearing violated due process. (Dkt. 36 at 13-14.)

In Ground Two, Banda argued that the commitment statute was vague in violation of due process, and that the consideration of dismissed sex charges under the catch-all provision violated due process. (Dkt. 17 at 6.) This Court ruled that Banda was not entitled to habeas relief on the ground that the statute was unconstitutionally vague because, as limited by the New Jersey Supreme Court, N.J. STAT. ANN. § 30:4-27.26(b) was not unconstitutionally vague as applied to Banda. (Dkt. 36 at 17-19.) This Court found that Banda was not entitled to habeas relief on his claim that the use of a dismissed sexual charge to civilly commit him violated due process because the New Jersey Supreme Court ruled that only Banda's convictions for kidnapping and aggravated assault of A.C. were properly found to constitute sexually violent offenses under subsection (b) of N.J. STAT. ANN. § 30:4-27.26; under these circumstances, New Jersey did not use any dismissed sexual charges to civilly commit Banda. Id. at 16.

In Ground Three, Banda argued that his commitment violated the Ex Post Facto and Double Jeopardy Clauses. This Court found that Banda was not entitled to habeas relief on Ground Three because the New Jersey Supreme Court held that the SVPA was not punitive, and Banda failed to show that New Jersey's rejection of his Ex Post Facto and Double Jeopardy claims was contrary to, or an unreasonable application of clearly established Supreme Court precedent. (Dkt. 36 at 21.)

In Ground Four, Banda argued that newly discovered evidence consisting of his public advocate attorney's statement that "All, but 17-cases have been Rubber Stamped for

5

Commitment," showed that he was committed under "false pretenses." (Dkt. 17 at 6.) Although Banda had not exhausted this claim, this Court rejected the claim on the merits, finding that the newly discovered evidence did not show that New Jersey violated his constitutional rights by committing him under false pretenses. (Dkt. 36 at 21-22.)

On June 23, 2012, Banda filed a timely informal motion to reconsider the dismissal of his Amended Petition. (Dkt. 38.) Respondents have not filed opposition to the motion.

## II.  STANDARD OF REVIEW

Rule 59(e) of the Federal Rules of Civil Procedure provides that a motion to "alter or amend a judgment" must be filed within 28 days of the entry of the judgment. Fed. R. Civ. P. 59(e). A postjudgment motion "will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" Osterneck v. Ernst & Whinney, 489 U.S. 169, 174 (1989) (quoting White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 451 (1982)). But where a postjudgment motion raises "legal issues collateral to the main cause of action, requiring an inquiry that was wholly separate from the decision on the merits," the motion is not governed by Rule 59(e). Osterneck, 489 U.S. at 174 (citation and internal quotation marks omitted).

In this case, Banda labeled his motion as a motion for reconsideration. "However, the function of the motion, and not the caption, dictates which Rule is applicable." United States v. Fiorelli, 337 F.3d 282, 287-88 (3d Cir. 2003). Although a motion for reconsideration may be governed by Rule 59(e) or Rule 60(b), each rule "has a particular purpose." Id. at 288.

> Rule 60(b) provides six bases for reconsideration, including "mistake, inadvertence, surprise, or excusable neglect" . . . . In contrast, Rule 59(e) permits the filing of a motion to alter or amend a judgment. A motion under Rule 59(e) is a device to relitigate the original issue decided by the district court, and used to allege legal error. Fiorelli's motion argued that the District Court should have

6

> conducted an evidentiary hearing on his claim. Fiorelli therefore urges more than an inadvertent mistake by the District Court, and instead argues that the District Court committed an error of law. As a Rule 60(b) motion may not be used as a substitute for an appeal, and that legal error, without more does not warrant relief under that provision, we will deem Fiorelli's motion [for reconsideration] as a request under Rule 59(e).

Fiorelli, 337 F.3d at 288 (citations and internal quotation marks omitted).

Here, where Banda's motion for reconsideration "alleges no more than legal error and merely reiterates the arguments contained in the [pleading]," this Court construes it as a motion to alter or amend a judgment under Rule 59(e). Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988).

"The scope of a motion for reconsideration . . . is extremely limited." Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011). "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." Id. "A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010); see also Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 251 (3d Cir. 2010).

### III. DISCUSSION

In this case, Banda filed his motion for reconsideration at the latest on June 28, 2012, which is within 28 days of the entry of this Court's Order dismissing his Amended Petition on June 21, 2012.[1] Accordingly, the motion is timely under Rule 59(e).

---

[1] "[A] timely Rule 59(e) motion to amend or alter a judgment is not a second or successive petition, whether or not it advances a claim, and therefore such a motion lies outside the reach of the jurisdictional limitations that AEDPA imposes upon multiple collateral attacks."

Banda raises the following grounds in support of his motion for reconsideration of the Order dismissing his Petition:

> [1.] This Court FAILED to answer the question of Law, of how can You treat a person who has never been convicted of a Sex Crime Offense, when the SVPA appropriately limits its application to Convicted Sex Offenders? See: In Re Commitment of W.Z., 339 N.J. Super. 549 . . , cert. Granted, 169 N.J. 611 . . , affirmed as modified 173 N.J. 109 . . .
>
> [2.] This Court FAILED to recognize that Due Process requires that a Court must have proofs which lead to the decision. See: Callen v. Gili, 7 N.J. 312, 319 . . . (1951).
>
> [3.] This Court FAILED to recognize the miscarriage of justice in the conspiracy behind the SVPA, on the rubber stamping tactics of My so-called attorney's in working with the State in order of having Me Civilly Committed for crimes that I never been convicted of.
>
> [4.] This Court FAILED to answer the request of Law for Transactional Immunity. For I would like some protection in what I may say and/or decide to speak on in My convicted offenses without being trapped off by State Paid employees in their attempt to manipulate Me and twist around whatever I say to prove the State's claims against Me.
>
> [5.] This Court totally ignored My Due Process of merit claims that I Never received a SVPA Probable Cause Hearing, Never received proper Notice to a SVPA Temporary Civil Commitment Hearing. For I have a Procedural Due Process Right to a seven (7) day Notice prior to any commitment to a Sexually Violent Predator facility; Depriving Me of such Notice before transferring Me, would strip Me of significant Liberty interest of which the State failed to demonstrate that such emergency action was necessary or that Notice was impractical; Probable Cause Hearing must be held prior to commitment of alleged Sexually Violent Predator it affords the alleged Sexually Violent Predator the opportunity to Challenge the State's prima facie case to the extent that three-day (72-hours) requirement precluded meaningful Notice, it was required to yield to Due Process requirements. See: U.S.C. Const.Amend. 14 . . .
>
> This Court FAILED to recognize that in accordance of Law, N.J.Ct. R. 4:74-7 provides additional guidance in involuntary commitment cases, it corrects a long standing history of Procedure abuses in the Civil Commitment to a Psychiatric

---

Blystone, 664 F.3d at 415.

Institution without having been afforded full Procedural Due Process under Civil Commitment Law, See: N.J.S.A. 3:4-27.14

[6.] This Court FAILED to recognize that being Convicted on a non-sexual Kidnapping offense 23 years prior to Civil Commitment IS NOT proper Notice for the potential possibility of Civil Commitment under the SVPA, for the SVPA was Not a clearly establish[ed] Law back in 1981. Plus, and again, My non-sexual Kidnapping offense IS NOT a[n] enumerated offense under section (a) of the SVPA. Which shows to this Court, that this SVPA Does Not apply to me.

[7.] **Accurate Hearsay** may Not violate Due Process, But this Court FAILED to recognize My raised merit claims were addressing the misuse of **Inaccurate Hearsay** which IS a Due Process violation, and IS Contrary To the claims made by the State. Which makes my claims of merit, a Double Jeopardy and a Ex Post Facto violations.

This Court . . . FAILS to accept and recognize the inaccuracy of My records of where the said Victims gave FALSE testimony to the Police reports, which were later proven to be False in the various County Criminal Courts that cause[d] the dismissal of the Sex Crime Offenses. Which leaves the State with only the Suppressed/Unlawful evidence to build their case against Me on without a Conviction. In which BY LAW cannot be done without a Sex Crime conviction.

[8.] This Court FAILED to recognize that the SVPA IS NOT based on Subjective Judgments made by cunning, conniving State Experts Witnesses to whom attempts to manipulate the State and the Court into believing that their word and findings on inaccurate reports and records are factual to purposely Civilly Commit people so that they (the Experts) can keep their Contracts with the State, Which this Court FAILED to recognize that the SVPA is based on lawful claims of Merit. In Which this Subjective Judgments should Not be considered and/or based on **groundless assumptions**. See: United States v. Kent, 209 F.3d 1073 . . . Consideration of such Subjective Judgments would violate My State & Federal Constitutional rights of falsehoods in the State's claims.

(Dkt. 38 at 1-3.)

This Court will grant Banda's motion for reconsideration since he alleges errors of law and consider whether it overlooked a meritorious claim and erred in denying habeas relief.

A. Reconsideration Arguments

First, Banda argues that this Court "FAILED to answer the question of Law, of how can You treat a person who has never been convicted of a Sex Crime Offense, when the SVPA

9

appropriately limits its application to Convicted Sex Offenders?" (Dkt. 38 at 1.) Contrary to Banda's contention, this Court considered this issue. This Court noted that, in upholding Banda's commitment, the New Jersey Supreme Court had construed the meaning of "sexually violent offense" under N.J. STAT. ANN. § 30:4-27.26(b).[2] See In re Commitment of J.M.B., 197 N.J. 563, 577-78 (2009). This Court further observed that the New Jersey Supreme Court held in Banda's case that a crime not listed in subsection (a) could be considered a sexually violent offense under subsection (b) when "the person's conduct, in the circumstances underlying the [non-listed] conviction, [is] demonstrated to be substantially equivalent to the sexually violent conduct that concerned the Legislature and led to the inclusion of the offenses listed in subsection (a)." Id. As this Court observed, the New Jersey Supreme Court ruled that Banda's 1981 convictions for kidnapping and aggravated assault of then 16-year old A.C. constituted

---

[2] Under the SVPA, a "sexually violent predator" is a person "who has been convicted, adjudicated delinquent or found not guilty by reason of insanity for commission of a sexually violent offense, or has been charged with a sexually violent offense but found to be incompetent to stand trial, and suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for control, care and treatment." N.J. STAT. ANN. 30:4-27.26. The SVPA defines "sexually violent offense" as follows:

> (a) aggravated sexual assault; sexual assault; aggravated criminal sexual contact; kidnapping pursuant to subparagraph (b) of paragraph (2) of subsection c. of N.J.S. 3C:13-1; criminal sexual contact; felony murder . . . if the underlying crime is sexual assault; an attempt to commit any of these enumerated offenses; or a criminal offense with substantially the same elements as any offense enumerated above, entered or imposed under the laws of the United States, this State or another state; or
>
> (b) any offense for which the court makes a specific finding on the record that, based on the circumstances of the case, the person's offense should be considered a sexually violent offense.

N.J. STAT. ANN. § 30:4-27.26(a), (b).

sexually violent offenses under subsection (b) because Banda's conduct was substantially equivalent to kidnapping a person under age 16, which is expressly listed as a sexually violent offense under subsection (a).[3]

This Court found that Banda's legal challenge to the New Jersey Supreme Court's construction of "sexually violent offense" was a question of state law over which this Court lacked jurisdiction under § 2254, which authorizes habeas relief only where the habeas petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In addition, this Court ruled that, to the extent Banda challenged his commitment on substantive due process grounds, the claim failed on the merits:

> Alternatively, to the extent Ground One raises a due process claim, this Court will dismiss the claim on the merits. The failure to prove Banda's conviction of an offense enumerated in subsection (a) does not violate due process, since proof of criminal conviction of a sex crime is not a constitutional prerequisite for civil commitment, and the state courts found by clear and convincing evidence that Banda suffers from a mental condition which renders him dangerous beyond his control. See Kansas v. Hendricks, 521 U.S. 346, 357-58 (1997) (statute requiring clear and convincing "evidence of past sexually violent behavior and a present mental condition that creates a likelihood of such conduct in the future if the person is not incapacitated" satisfies substantive due process, as it "limit[s] involuntary civil confinement to those who suffer from a volitional impairment rendering them dangerous beyond their control"); Foucha v. Louisiana, 504 U.S. 71, 78 (1992) ("[K]eeping Foucha against his will in a mental institution is improper absent a determination in civil commitment proceedings of current mental illness and dangerousness"); Addington v. Texas, 441 U.S. 418, 426-27 (1979) (Due Process requires the government in a civil commitment proceeding to demonstrate by clear and convincing evidence that the individual is mentally ill and dangerous).

(Dkt. 36 at 12-13.)

---

[3] The only difference between the kidnapping offense listed as a sexually violent offense in subsection (a) and Banda's conduct was that A.C. was "a few months older than the required cut-off age of sixteen, which would have otherwise made his offense an exact fit with an offense listed in subsection (a)." J.M.B., 197 N.J. at 597.

11

Based on the foregoing, this Court finds that Banda is not entitled to habeas relief on "the question of Law, of how can You treat a person who has never been Convicted of a Sex Crime Offense, when the SVPA appropriately limits its application to Convicted Sex Offenders." (Dkt. 38 at 1.)

Second, Banda contends that "[t]his Court FAILED to recognize that Due Process requires that a Court <u>must</u> <u>have</u> <u>proofs</u> which lead to the decision." (Dkt. 38 at 1.) This Court did not consider the question of proof because it was not one of the four grounds Banda raised in the Amended Petition. In any event, the burden of proof under the SVPA is "clear and convincing evidence," see <u>J.M.B.</u>, 197 N.J. at 571 ("In commitment proceedings, the State must demonstrate by clear and convincing evidence that the individual poses a threat to the health and safety of others if he or she were found . . . to have serious difficulty in controlling his or her harmful behavior such that it is highly likely that the individual will not control his or her sexually violent behavior and will reoffend") (citation and internal quotation marks omitted), and, in Banda's case, the New Jersey Supreme Court found the standard to be satisfied. Moreover, the "clear and convincing" evidence standard satisfies due process. See <u>Addington v. Texas</u>, 441 U.S. 418, 418 (1979) (holding that to civilly commit an individual to a mental institution, Due Process requires the state to prove by clear and convincing evidence that the person is mentally ill and that he requires hospitalization because he is dangerous to himself or others). Thus, Banda has not shown that he is entitled to habeas relief on his claim that "Due Process requires that a Court <u>must</u> <u>have</u> <u>proofs</u> which lead to the decision." (Dkt. 38 at 1.)

Third, Banda contends that this Court "FAILED to recognize . . . the rubber stamping tactics of My so-called attorney[] in working with the State in order of having Me Civilly Committed for crimes that I never been convicted of." (Dkt. 38 at 1.) To the contrary, this

12

Court expressly considered and rejected on the merits his claim that the New Jersey courts simply "rubber-stamped" his commitment, finding that this newly discovered evidence did not show that Banda was in custody in violation of his constitutional rights. (Dkt. 36 at 21-22.)

Fourth, Banda maintains that this Court "FAILED to answer the request of Law for Transactional Immunity," or "protection in what I may say and/or decide to speak on in My convicted offenses without being trapped." (Dkt. 38 at 1.) This Court did not consider the issue of "transactional immunity" because Banda's Amended Petition did not present it as a claim for habeas relief. And to the extent that Banda's reference to "transactional immunity" raises an Ex Post Facto claim, this Court considered and rejected Banda's Ex Post Facto claim:

> In this case, Banda cites no Supreme Court precedent which holds that a civil commitment statute like New Jersey's SVPA violates the Ex Post Facto or Double Jeopardy Clauses. And, as the Court held in Seling[ v. Young, 531 U.S. 250 (2001)], the New Jersey Supreme Court's determination that the SVPA is civil precludes Petitioner's double jeopardy and ex post facto challenges to subsection (b). See Aruanno v. Hayman, 384 Fed. App'x 144, 149-150 (3d Cir. 2010) (holding that involuntary commitment under New Jersey's SVPA is regulatory, not punitive). This Court holds that the New Jersey courts' adjudication of Petitioner's double jeopardy and ex post facto claims was not contrary to, or an unreasonable application of Kansas v. Hendricks and Seling v. Young. Petitioner is therefore not entitled to habeas relief on Ground Three.

(Dkt. 36 at 21.)

Fifth, Banda contends that this Court "totally ignored My Due Process of merit claims that I Never received proper Notice to a SVPA Probable Cause Hearing, Never received a SVPA Probable Cause Hearing . . ." (Dkt. 38 at 2.) Again, this Court did not consider procedural due process claims concerning lack of notice and a probable cause hearing prior to Banda's temporary commitment because these grounds were not presented in any of the four grounds raised in Banda's Amended Petition. In any event, even if such claims had been raised, Banda would not be entitled to habeas relief, given the Third Circuit's rejection of these due process

13

claims in <u>Aruanno v. Hayman</u>, 384 Fed. App'x 144, 150 (3d Cir. 2010). There, Aruanno claimed that "his rights were violated when the court entered a temporary detention order pending his final commitment [as a sexually violent predator] hearing without first . . . holding a hearing in which Aruanno might challenge the temporary detention," but the Third Circuit held that the "twenty-day period for pre-hearing detention is deemed constitutionally reasonable because of the urgency at its inception and in order to permit time for preparations essential to a fair and meaningful hearing." <u>Id.</u> (citation and internal quotation marks omitted).

Sixth, Banda contends that this Court failed to recognize that the SVPA does not apply to him where "being Convicted on a non-sexual Kidnapping offense 23 years prior to Civil Commitment <u>IS</u> <u>NOT</u> proper Notice for the potential possibility of Civil Commitment under the SVPA" and his kidnapping offense is not an enumerated offense under subsection (a). (Dkt. 38 at 2.) Again, Banda did not raise these grounds in his Amended Petition and, in any event, they do not warrant habeas relief.

Seventh, Banda argues that "accurate hearsay <u>may</u> <u>Not</u> violate Due Process, <u>But</u> this Court FAILED to recognize My . . . claims were addressing <u>the misuse of</u> **Inaccurate Hearsay** which <u>IS</u> a Due Process violation." (Dkt. 38 at 2.) This Court considered and rejected Banda's claim that the use of allegedly inaccurate information (J.M.B.'s statements regarding the kidnapping of A.C., A.C.'s statements to police and presentence reports concerning the kidnapping of A.C.) violated due process, concluding that the admission of evidence raised a state evidentiary claim and, to the extent it raised a due process claim, the claim did not entitle Banda to habeas relief. (Dkt. 36 at 13-16.) See Carty v. Nelson, 426 F.3d 1064, 1075-76 (9th Cir. 2005) (holding that because "[petitioner] fail[ed] to identify any Supreme Court case which imposes an obligation on the . . . District Attorney to proffer only live testimony at civil

14

commitment hearings under the SVP Act," claim that admission of the victims' statements was fundamentally unfair did not warrant habeas relief); Baldwin v. Rogers, 2009 WL 1228432 (D.N.J. May 1, 2009).

Finally, Banda contends that this Court "FAILED to recognize that the SVPA IS NOT based on Subjective Judgments made by cunning, conniving State Expert[] Witnesses . . ." (Dkt. 38 at 3.) Again, this Court did not consider such claim because it was not raised as one of the four grounds set forth in the Amended Petition. In any event, Banda is not entitled to habeas relief on this ground because he has not shown that reliance on expert witnesses in a civil commitment hearing violates his constitutional rights.

To summarize, after reconsideration, and based on the reasons expressed in this Opinion and this Court's prior Opinion, this Court will dismiss Banda's Amended Petition with prejudice.

B.  Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV.  CONCLUSION

Based on the foregoing, as well as this Court's prior Opinion, this Court dismisses the Amended Petition and denies a certificate of appealability.

_____
**CLAIRE C. CECCHI, U.S.D.J.**

DATED: October 30, 2014